UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY BRESSI and JAMIE
BRESSI,

        Plaintiffs,

        File No. 1:12-CV-736

v.

        HON. ROBERT HOLMES BELL

ELENBAAS STEEL SUPPLY CO.,

        Defendant.
                                       /

**MEMORANDUM OPINION AND ORDER**

      Plaintiffs Anthony Bressi and Jamie Bressi object to the Magistrate Judge's May 1, 2013, order denying Plaintiffs' motion to compel depositions and to extend discovery. (Dkt. No. 60, Mot.)

      This Court's review of a magistrate judge's resolution of a non-dispositive pretrial matter is limited to determining whether the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); W.D. Mich. LCivr 72.3(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) ("When a magistrate judge determines a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the determination, but under a limited standard of review."). Findings of fact are reviewed under the "clearly erroneous" standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992). "'A finding is 'clearly erroneous' when although there is evidence to support it, the

reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Adams County Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Under this standard, the Court will not reverse a finding of fact simply because this Court would have decided the case differently. *Easley v. Cromartie,* 532 U.S. 234, 242 (2001). Legal conclusions are reviewed under the "contrary to law" standard. *Gandee*, 785 F. Supp. at 686. A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Lafountain v. Martin*, 1:07-CV-76, 2010 WL 748215, at *1 (W.D. Mich. Mar.1, 2010) (Maloney, C.J.) (citing *Gandee*, 785 F. Supp. at 686). The standard for review for legal conclusions is *de novo*. *United States v. Curtis*, 237 F.3d 598, 607 (6th Cir. 2001).

The Magistrate Judge denied Plaintiffs' motion based on his conclusion that Plaintiffs did not show good cause to exceed the ten-deposition limit established in the case management order or to extend the discovery deadline a second time. The Magistrate Judge further determined that Plaintiffs have had an adequate opportunity to develop their case and that the further depositions are not central to the case. (Dkt. No. 57, Order Denying Mot. to Extend disco. limits.)

Plaintiffs' objections are essentially an attempt to reargue their motion with new limitations. Plaintiffs now request seven rather than fifteen additional depositions and they now contend that they can take the depositions without the necessity of moving the trial date.

In reviewing a Magistrate Judge's non-dispositive order, it is not this Court's practice to consider evidence or arguments that were not presented to the Magistrate Judge. *See Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("The district court is not permitted to receive further evidence; it is bound by the clearly erroneous rule in reviewing questions of fact."); *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, No. 2:07-CV-116, 2013 WL 992125, at *6  (S.D. Ohio Mar. 13, 2013) ("[I]t would be illogical to conclude that a magistrate judge's factual finding was clearly erroneous based on evidentiary material that was not before the magistrate judge for review."); *Brown v. Timmerman-Cooper*, No. 2:10-CV-283, 2011 WL 1740706, at *1 (S.D. Ohio May 4, 2011) ("[W]hen determining if a Magistrate Judge's non-dispositive order is clearly erroneous or contrary to law, the Court will not ordinarily consider factual material or legal arguments not presented to the Magistrate Judge.").

Plaintiffs have not identified any aspect of the Magistrate Judge's order that was clearly erroneous or contrary to law.  This Court will not second-guess the Magistrate Judge's rulings on discovery issues in the absence of a showing that the Magistrate Judge has abused his discretion.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to compel depositions and to extend discovery  (Dkt. No. 60, Mot.) is **DENIED**.

Dated: June 11, 2013                                    /s/ Robert Holmes Bell
                                                                    ROBERT HOLMES BELL
                                                                    UNITED STATES DISTRICT JUDGE

3