UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY BRESSI and JAMIE BRESSI,

   Plaintiffs,

File No. 1:12-CV-736

HON. ROBERT HOLMES BELL

and

STATE OF OHIO, BUREAU OF WORKERS'
COMPENSATION,

   Intervening Plaintiff,

v.

ELENBAAS STEEL SUPPLY CO.,

   Defendant.
_____/

**O P I N I O N**

  Defendant Elenbaas Steel Supply Company has filed a motion for reconsideration of the July 19, 2013, opinion and order, or, in the alternative, for certification of a question of Michigan law to the Michigan Supreme Court, or to permit an interlocutory appeal. (Dkt. No. 87.) Plaintiffs have filed a brief in opposition to the motions for certification and for interlocutory appeal.[1] (Dkt. No. 89.)

---

[1] Under the Local Court rules, no answer to a motion for reconsideration is allowed unless requested by the Court. W.D. Mich. LCivR 7.4(b). By notice dated August 21, 2013, the Court invited Plaintiffs to respond to all issues except for the motion for reconsideration. (Dkt. No. 88.)

**I.**

Defendant has filed a motion for reconsideration of this Court's determination that, for purposes of the accident at issue in this case, Defendant was a non-motorist tortfeasor outside the no-fault system who is not entitled to the partial abolition of tort liability under the no-fault act. (Dkt. Nos. 74-75, 07/19/2013 Op. & Order.) To prevail on a motion for reconsideration, the movant must demonstrate a palpable defect by which the Court and the parties have been misled and show that a different disposition of the case must result from the correction thereof. W.D. Mich. LCivR 7.4(a).

Defendant focuses on the Court's holding that "even if unloading the trailer constitutes 'use' of the trailer for purposes of the no-fault act, a defendant cannot claim immunity under the no-fault act based on the existence of no-fault insurance on a vehicle neither owned nor insured by the defendant." (Dkt. No. 74, Op. 8, citing Mich. Comp. Laws § 500.3135; *Citizens Ins. Co. of Am. v. Tuttle*, 309 N.W.2d 174 (Mich. 1981).) Defendant contends that the Court's limitation of the general abolition of tort liability to defendants who also insure the vehicle is inconsistent with the plain language of the statute and that a similar construction was rejected in *Iqbal v. Bristol West Insurance Group,* 748 N.W.2d 574 (Mich. Ct. App. 2008).

In *Iqbal*, the plaintiff was injured while driving a car insured by his brother. The court held that even though the plaintiff did not purchase no-fault insurance, he was entitled to personal protection insurance (PIP) benefits under Mich. Comp. Laws § 500. 3113(b)

because the no-fault insurance requirement was linked to the vehicle only, and not to the person.  748 N.W.2d at 579-80.  Defendant contends that the insurance requirement of § 500.3135 should similarly be construed to be linked to the vehicle, rather than to the driver or user.  Defendant contends that it is entitled to no-fault immunity because the trailer it was unloading, which it neither owned nor insured, was covered by no-fault insurance.

Contrary to Defendant's assertions, *Iqbal* does not suggest that this Court's determination that Defendant is not entitled to partial immunity under the no-fault act was erroneous.  This Court's determination was based on the clear language in *Tuttle* that "a person is to be relieved of tort liability only upon participating, through the payment of premiums, in a system for spreading the costs of compensating vehicular injuries without regard to fault." 309 N.W.2d at 178. *Iqbal* does not criticize, distinguish or even cite *Tuttle*. Morover, *Iqbal* did not involve no-fault immunity. *Iqbal* noted that "[t]he purpose of the no-fault act is to broadly provide coverage for those injured in motor vehicle accidents without regard to fault." *Id.* at 578.  *Iqbal* focused on an injured party's right to no-fault benefits, and did not consider the right of an alleged tortfeasor, who did not have no-fault insurance related to the accident, to the protections provided by the no-fault act, such as partial immunity from liability.  The Court accordingly rejects Defendant's assertion that the Court's opinion contains a palpable defect.

In addition, Defendant has not demonstrated that a correction of the alleged error would result in a different disposition of the case.  The allegedly erroneous holding is based

3

on a liberal assumption that Defendant's unloading of the trailer constituted "use" of the trailer for purposes of the no-fault act. As explained in the Court's opinion, it is questionable whether Defendant's "use" theory is still good law. (Dkt. No. 74, Op. at 7 n.1.) Accordingly, the Court declines to reconsider its July 19, 2013, opinion and order.

## II.

In the alternative, Defendant has requested the Court to certify this question of Michigan law to the Michigan Supreme Court, or to amend its July 19, 2013 order to permit an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The Court declines both requests.

The Local Rules for the Western District of Michigan provide for certification as follows:

> Upon motion or after a hearing ordered by the judge sua sponte, the Court may certify an issue for decision to the highest court of the state whose law governs any issue, claim or defense in the case. An order of certification shall be accompanied by written findings that: (a) the issue certified is an unsettled issue of state law; (b) the issue certified will likely affect the outcome of the federal suit; and (c) certification of the issue will not cause undue delay or prejudice.

W.D. Mich. LCivR 83.3(b).

The holding at issue is controlled by the Michigan Supreme Court's opinion in *Tutle*. Accordingly, the issue identified by Defendant is not an unsettled issue of state law. Moreover, certification is likely to cause unnecessary expense and delay. As noted by Magistrate Judge Scoville in another case in this Court:

> The state Supreme Court rarely accepts certified questions from the federal courts, and almost never accepts them from the district court. . . . The state Supreme Court routinely declines to answer certified questions from the federal courts of appeals, including the Sixth Circuit . . . In connection with recent requests for certification, at least one justice has expressed doubt that the state Supreme Court has the constitutional authority to answer questions from the federal courts. . . . The point is that the likelihood of receiving an answer from the Michigan Supreme Court on the question presented in this case is virtually nil, and it makes no sense to put the parties to the expense and delay of proceedings before the state Supreme Court that are almost certainly destined to be futile.

*Glover v. Nationwide Mut. Fire Ins. Co.*, 676 F. Supp. 2d 602, 621-22 (W.D. Mich. 2009) (Scoville, M.J.). Accordingly, the Court declines to certify the question to the Michigan Supreme Court.

In the alternative, Defendant has requested leave to take an interlocutory appeal. Section 1292(b) permits a district court, in its discretion, to certify an order for interlocutory appeal if it is of the opinion that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Because interlocutory review is an exception to the final judgment rule, it is reserved for exceptional cases. *Caterpillar v. Lewis*, 519 U.S. 61, 74 (1996); *see also In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) ("Review under § 1292(b) is granted sparingly and only in exceptional cases.").

This is not an exceptional case that warrants an interlocutory appeal. First, the Court does not find that there is substantial ground for difference of opinion concerning

5

Defendant's right to partial immunity under the no-fault act. Second, the issue concerns only the scope of damages recoverable. It would not resolve the issue of liability. The Court is aware of no good reason for delaying a determination as to liability merely because, if Defendant is successful on appeal, certain categories of damages may not be recoverable.

For the reasons stated, Defendant's motion for reconsideration of the July 19, 2013, opinion and order, or, in the alternative, for certification of a question of Michigan law to the Michigan Supreme Court, or to permit an interlocutory appeal (Dkt. No. 87) will be denied.

An order consistent with this opinion will be entered.


Dated: September 4, 2013                    /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE