UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY BRESSI and JAMIE
BRESSI,

        Plaintiffs,

                                    File No. 1:12-CV-736

v.

                                    HON. ROBERT HOLMES BELL

ELENBAAS STEEL SUPPLY CO.,

        Defendant.
                                   /

**O P I N I O N**

       This personal injury action was tried to a jury, which rendered verdicts in favor of Plaintiffs Anthony Bressi and Jamie Bressi on October 11, 2013. (Dkt. Nos. 137 & 138, Verdicts.) This matter is currently before the Court on Plaintiffs' proposed order of judgment (Dkt. Nos. 140, 143) and on Defendant's objection to Plaintiffs' proposed order and motion to disallow part of Plaintiffs' costs (Dkt. No. 144).

       There appears to be no disagreement between the parties as to the manner in which the jury award is reflected on the proposed judgment. It also appears that Defendant has withdrawn some of its initial objections. Defendant initially argued that Plaintiffs' claim for costs was improperly presented before the entry of judgment, but has subsequently indicated that it is not opposed to including costs in the judgment. (Dkt. No. 144, Def.'s Obj. 2; Dkt. No. 149, Def.'s Reply 2.) In addition, although Defendant objected that the rights of

Intervening Plaintiff Ohio Bureau of Worker's Compensation were not adequately protected in Plaintiffs' initial proposed judgment, Defendant has withdrawn that objection as moot in light of the fact that the Intervening Plaintiff has entered into a settlement with Plaintiffs and has advised that its interests are adequately addressed in the Second Amended Proposed Order of Judgment. (Dkt. No. 149, Def.'s Reply 2; Dkt. No. 148, Intrv.Pl.'s Resp.) The only remaining dispute between the parties concerns the amount of costs to be included in the judgment.

Plaintiffs have included in their proposed judgment costs in the amount of $109,409.87. With the exception of the $350 filing fee, all of these proposed costs represent the fees of Plaintiffs' expert witnesses who testified at trial. (Dkt. No. 143, Second Am. Proposed J. 4-5.) Plaintiffs contend that because state law provides for an award of expert witness fees, such fees should also be assessed as costs by the district court in this diversity case.

Defendant contends that allowable costs, even in a diversity case, are governed by Rule 54 and 28 U.S.C. § 1920, and that Plaintiffs' claim for costs should accordingly be limited to the statutory witness fee of $40 per day and transportation costs.[1] According to Defendant, application of federal law would limit the amount of Plaintiffs' costs to $2,101.43.

---

[1] Taxable witness fees are an attendance fee of $40 per day for each day's attendance, the actual expenses of travel, and a subsistence allowance. 28 U.S.C. § 1821(b)-(d).

Because jurisdiction in this case is based upon diversity of citizenship, state law governs matters of substance while federal law dictates procedural issues. *In re Am. Cas. Co.*, 851 F.2d 794, 798 (6th Cir. 1988) (citing *Erie v. Tompkins*, 304 U.S. 64 (1938)). As a general rule, federal law governs the assessment of costs in diversity cases because costs are generally a matter of procedure. *See Gobbo Farms & Orchards v. Poole Chem. Co., Inc.*, 81 F.3d 122, 123 (10th Cir. 1996) ("In a diversity case, federal law controls in regard to the assessment of costs."). However, when a state law damages provision permits a prevailing party to recover costs as an element of compensatory damages, the issue of costs is one of substantive law, and state law trumps federal procedural law. *See Clausen v. M/V New Carissa*, 339 F.3d 1049, 1064-66 (9th Cir. 2003).

Plaintiffs contend that the Michigan taxation of costs statute is a loser pays statute that effectuates the Michigan legislature's public policy determination that expert fees are chargeable to the loser in a case that is decided by a jury. Plaintiffs contend that the statute represents a substantive decision to promote settlement and to discourage frivolous cases or defenses. Plaintiffs rely on *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541 (1949), in support of their contention that the Michigan statute on costs is a matter of substantive law.

Plaintiffs' reliance on *Cohen* is misplaced. In *Cohen* the Supreme Court considered the issue of whether a federal court, which had jurisdiction of a stockholder's derivative action only because the parties were of diverse citizenship, was required to apply a state

statute that made the plaintiff in a stockholder derivative action, if unsuccessful, liable for all expenses, including attorney's fees, of the defense, and required security for the payment of these expenses as a condition of prosecuting the action. *Id.* at 543. The general effect of the statute was "to make a plaintiff having so small an interest liable for all expenses and attorney's fees of the defense if he fails to make good his complaint and to entitle the corporation to indemnity before the case can be prosecuted." *Id.* at 544-45. Resolution of the issue turned on whether the New Jersey statute was a mere rule of procedure or a rule of substantive law. *Id.* at 555. In concluding that the New Jersey security statute was not merely a regulation of procedure, the Court noted that the statute "creates a new liability where none existed before," and that "[s]uch liability is not usual and it goes beyond payment of what we know as 'costs.'" *Id*.

In contrast to the claim-specific procedures that were at issue in *Cohen*, Plaintiffs rely on the Michigan taxation of costs statute, which provides that "any of the fees" of witnesses may be taxed as costs. Mich. Comp. Laws § 600.2405(1). This statute does not provide an extraordinary liability for a specific kind of claim. The Michigan taxation of costs statute is part of the revised judicature act and governs the taxation of costs in all cases. The liability it creates is not unusual, and does not go beyond payment of what is generally known as "costs." It is a generic state rule of procedure. Accordingly, it is not comparable to the statute governing stockholder derivative suits in *Cohen*. Every court that has considered a comparable state taxation of costs statute has determined that the state's expert witness cost

provisions are a matter of procedure and are governed by federal law. *See*, *e.g.*, *First Nat. Mortgage Co. v. Fed. Realty Inv. Trust*, 631 F.3d 1058, 1070 (9th Cir. 2011) ("[F]ederal law should control the reimbursement of expert witnesses in federal courts sitting in diversity jurisdiction."); *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 688-89 (5th Cir. 1991) (declining to apply state law on taxation of expert witness fees as costs); *Kivi v. Nationwide Mut. Ins. Co.*, 695 F.2d 1285, 1289 (11th Cir. 1983) (disallowing expert witness fees in excess of 28 U.S.C. § 1821 because entitlement to such fees under Florida statutes is not a substantive right); *Felder ex rel. Felder v. King*, No. 07-4929, 2011 WL 2174538, at *4 (D. Minn. May 31, 2011) (rejecting argument that Minnesota law should govern expert-witness costs because "even in a pure diversity action, the suggestion that state law controls 'ordinary items of costs' under *Erie* 'clearly is unsound'"). The Court accordingly declines to apply state law with respect to the taxation of expert witness fees as costs.

Under federal law, the expenses that may be taxed as costs under Rule 54(d) are enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Section 1920's allowance of witness fees is limited to the fees outlined in 18 U.S.C. § 1821. *Id.* at 442. "[W]hen a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary." *Id.* at 439. Pursuant to § 1920 and § 1821, Plaintiffs are limited to recovering the $40 witness fee, the reasonable expenses associated with travel, and the per diem subsistence allowance.

Of the nine experts who testified on behalf of Plaintiffs, all but one testified only one day. Claude Baker testified for two days. Accordingly, Plaintiffs are entitled to $400 in expert witness fees. Plaintiffs are also entitled to a subsistence per diem allowance for the three expert witnesses who gave live testimony. Defendant suggests that the maximum subsistence allowance is $131 per day, and that because Claude Baker testified for two days, the total subsistence fee would be $524 (4 x $131).[2] Plaintiffs are also entitled to tax as costs the witnesses' travel expenses. Plaintiffs have provided documentation that Debra Berens incurred $170.43 in travel expenses (Dkt. No. 140, Ex. 2), and that Claude Baker incurred $657 in travel expenses (Dkt. No. 140, Ex. 5, Page ID#2275). Plaintiffs have provided no documentation of any travel expenses for Michael Thomson. (Dkt. No. 140, Ex. 1.) The Court will accordingly tax $2,101.43 in costs, which represents $350 in filing fees, $400 in expert witness fees, $524 for subsistence allowances, and $927.43 for travel.

Defendant has suggested that if the Court includes costs in the judgment, that the Court might also address the parties' claims for expert witness fees pursuant to Fed. R. Civ.

---

[2] The subsistence allowance, which is only payable when an overnight stay is required, is based on the maximum per diem allowance prescribed by the Administrator of General services pursuant to 5 U.S.C. § 5702(a). 28 U.S.C. § 1821(d). The per diem rates for Grand Rapids are $88 for lodging and $51 for meals, with a reduction in the meal allowance for the first and last day of travel. *See* www.gsa.gov/perdiem. Plaintiffs have not provided evidence that Berens and Thomson stayed overnight in Grand Rapids. Nevertheless, because Defendant's estimate likely exceeds the applicable per diem rate, and because Plaintiffs have not objected to Defendant's estimate, the Court will accept Defendant's estimate for purposes taxing costs.

P. 26(b)(4)(E)(i).[3] It is technically improper to include Rule 26 expert witness fees in a Rule 54(d) bill of costs. *El Camino Resources, Ltd.v. Huntington Nat'l Bank*, 1:07-CV-598 (W.D. Mich. Sept. 18, 2012) (Scoville, M.J.) (Dkt. No. 670, R&R at 2). Although some courts overlook this formal error in favor of efficiency, this Court declines to do so because the payments are on-going and the scope of the parties' dispute regarding such fees is not clear.

For the reasons stated herein, the Court intends to enter a judgment that is substantially consistent with Plaintiffs' second amended proposed order of judgment, with the exception that the Court will reduce the amount of costs from $109,409.87 to $2,101.43. Because this ruling will affect the amount of prejudgment interest, the Court will permit Plaintiffs an opportunity to submit a third amended proposed judgment consistent with this opinion within seven days of this order. The Court anticipates and expects that the parties will be able to stipulate to the form of judgment.

An order consistent with this opinion will be entered.


Dated: November 22, 2013           /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   UNITED STATES DISTRICT JUDGE

---

[3] This rule provides that the court must require that a party deposing the opponent's expert witness "pay the expert a reasonable fee for time spent in responding to discovery." Fed. R. Civ. P. 26(b)(4)(E)(i).